UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY B. BUTLER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RICK HILL, Warden,[1]<br><br>　　　　Respondent. | No.  2:13-cv-00567 LKK KJN P<br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

　　　Petitioner is a state prisoner proceeding without counsel in this habeas corpus action filed on March 22, 2013, pursuant to 28 U.S.C. § 2254.  Petitioner, who paid the filing fee, contends that the state is violating the terms of his 1987 plea agreement.  This matter is before the court on respondent's motion to dismiss, which asserts that the petition is both time-barred and procedurally-barred.  For the reasons that follow, the undersigned recommends that respondent's motion to dismiss be granted.

////

---

[1] Rick Hill, Warden of California State Prison-Sacramento (CSP-SAC), is substituted as respondent herein, pursuant to petitioner's recent transfer from Avenal State Prison to CSP-SAC. A federal petition for writ of habeas corpus must name as respondent the state officer having custody of petitioner.  See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1

II. Chronology

The relevant chronology is as follows:

1. Petitioner entered a plea agreement on September 16, 1987, pursuant to a charge of second-degree murder. (Petition (Pet.), Exh. A (ECF No. 1 at 18-27).)  The plea agreement provided that, in exchange for entering a no-contest plea to second-degree murder, petitioner would receive a prison sentence of 15-years-to-life. (Id. at 2 (ECF No. 1 at 19).)

2. On October 15, 1987, petitioner was sentenced to a term of 15-years-to-life. (Pet., Ex. B (ECF No. 1 at 29-33).) His term was credited with time served, a total of 879 days. (Id. at 32.)

3. Petitioner appeared before the Board of Parole Hearings on the following dates (Oppo. (ECF No. 13 at 2)):

a. In 1995, petitioner received a 5-year denial of parole.

b. In 2000, petitioner received a 4-year denial of parole.

c. In 2005, petitioner received a 5-year denial of parole.

d. In 2010, petitioner received a 7-year denial of parole.

4. On November 22, 2008, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court, apparently challenging the substance of a parole denial. (Pet., Exh. C (ECF No. 1 at 35).) The record indicates that petitioner did not further pursue this petition.[2]

5. On February 9, 2011, in a written decision, the San Joaquin County Superior Court denied petitioner's petition for writ of habeas corpus, premised on his claim that his plea agreement had been breached because petitioner was not released after serving a term of 15 years.[3] (Pet., Exh. E (ECF No. 1 at 40-1); Mtn. to Dsms., Exh.1 (ECF No. 12-1 at 2-3).)

////

---

[2] Petitioner has also submitted a copy of the November 13, 2008 order of the Kings County Superior Court, challenging petitioner's request for a transfer to another institution. (Pet., Exh. D (ECF No. 1 at 37).) That petition is not relevant to the instant action.

[3] The record does not disclose the date that petitioner filed his superior court petition; the petition is not included in the record, and the date of its filing is not apparent from the superior court's order or the parties' briefing.

2

6. On April 27, 2011, petitioner asserted the same claim in a petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District.[4]  The petition was summarily denied on April 29, 2011. (Mtn. to Dsms., Exhs. 2, 3 (ECF No. 12-2 at 2-3; 12-3 at 2).)

7. On April 30, 2012, petitioner filed a petition for writ of habeas corpus in the California State Supreme Court. (Id., Exh. 5 (ECF No. 12-4 at 2-15).) That petition (set forth at id., Exh. 4 (ECF No. 12-4 at 2-15)), is identical to the petition filed in this court. On July 18, 2012, the California Supreme Court denied the petition, citing In re Robbins,18 Cal. 4th 770, 780 (1998), and In re Clark, 5 Cal. 4th 750, 767-69 (1993). (Id., Exh. 5 (ECF No. 12-5 at 2-4).)

8. On March 22, 2013, petitioner filed the instant federal petition for writ of habeas corpus. Petitioner makes the following claims, premised on the alleged denial of due process: (1) breach of plea agreement by state for failing to release petitioner after he served a term of 15 years; (2) failure of trial court to adequately advise petitioner of the consequences for agreeing to the plea; and (3) ineffective assistance of trial counsel for allegedly misleading petitioner about the terms of the plea agreement and/or failing to ensure that the trial record contained an adequate record of the terms.

III. Discussion

    A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2244(d)(1)(D).

Even under this most expansive option for calculating AEDPA's one-year limitations period, the instant petition is untimely. Because petitioner contends that he should have been

---

[4] The record does not include copies of petitioner's underlying petitions filed in the superior or appellate courts.

released from prison after serving 15 years, the factual predicate for his claim should reasonably have been apparent to petitioner on May 19, 2000 – that is, 15 years after petitioner was sentenced on October 15, 1987 (hence, October 15, 2002), minus 879 days credit. Construing these facts even more favorably for petitioner, the factual predicate triggering the statute of limitations was clearly apparent on October 15, 2002, 15 years after petitioner was sentenced. Petitioner then had one year to file his federal habeas petition, 28 U.S.C. § 2244(d)(1)(D), extended by any statutory tolling warranted by properly-filed related state habeas petitions. However, petitioner did not file his initial state habeas petition until sometime shortly before the superior court denied the petition on February 9, 2011 (see n.3, supra (date of filing not provided)), approximately eight (8) years later. Petitioner's commencement of his initial state habeas petition several years after discovery of the factual predicate triggering the one-year federal limitations period renders his federal petition time-barred. Commencement of state habeas proceedings after expiration of the federal limitations period is "an absolute time bar" to a federal petition. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner does not assert that he is entitled to statutory or equitable tolling.[5] Rather, he asserts only that respondent has not been prejudiced by petitioner's delay, citing In re Burdan, 169 Cal. App. 4th 18, 31 (2008). (Oppo. (ECF No. 13 at 2).) In Burdan, the state appellate court found that a pro se prisoner's filing of a habeas petition in that court, challenging a parole denial, ten months after the superior court's denial of the petition, was not an unreasonable delay because there was "no potential prejudice to the state." Id. The state appellate court reasoned that the state is not inconvenienced in reviewing a delayed challenge of a parole denial, in contrast to reviewing a delayed challenge of a conviction.[6] However, Burdan applies to the calculation of

---

[5] Petitioner neither asserts nor demonstrates that he is entitled to equitable tolling. "[P]etitioner bears the burden of showing that equitable tolling is appropriate. The petitioner must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (additional citation omitted)).

[6] The appellate court in In re Burdan reasoned:

> These same considerations do not apply where a life prisoner challenges a parole decision. The record before the Board or

4

intervals between state court habeas reviews (that is, statutory tolling), and is inapposite in determining whether the initial state habeas petition was filed beyond the one-year federal limitations period.[7] Here, because petitioner commenced his state habeas proceedings more than one year after he became aware of the factual predicate triggering the one-year limitations period set forth at 28 U.S.C. § 2244 (d)(1)(D), there is no statutory tolling, and his federal petition is time-barred.

Accordingly, the undersigned finds that the instant petition for writ of habeas corpus was untimely filed under AEDPA's statute of limitations.

### B. Procedural Default

Respondent also seeks dismissal on the alternative ground that petitioner's claims may not be raised in a federal habeas petition because they were denied by the state courts based on procedural default grounds, as demonstrated by the California Supreme Court's citations to In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Clark, 5 Cal. 4th 750, 767-69 (1993). (July 18, 2012 Order, California Supreme Court (ECF No. 12-5 at 2-4).)

---

> Governor is all on paper, so there is little risk of vital evidence being lost. Finality of the conviction, as to both society in general and the victims in particular, is not an issue. The only one potentially prejudiced by a delay in challenging a parole decision is the inmate himself. It is, after all, the inmate who must remain in prison after he or she might otherwise have been released on parole. Any delay in filing a petition challenging the denial of parole means a corresponding delay in the ultimate release date. Because this is not a situation where a grant of habeas relief would require a retrial of the criminal charges, there is no potential prejudice to the state.

Burdan, 169 Cal. App. 4th at 31 (citation omitted).

[7] Moreover, "[d]istrict courts within California disagree as to whether Burdan controls . . . , and the Ninth Circuit has not yet ruled on the issue. Compare Webb v. Curry, [Case No.] C-09–0054 MHP, 2010 WL 235073, at *3–4 (N.D. Cal. Jan. 21, 2010) (finding 153-day delay unreasonable and reasoning that '[c]onstruing Burdan to mean that any delay is reasonable when a petitioner is challenging parole denial would make California's scheme so unlike that contemplated by Saffold [Carey v. Saffold, 536 U.S. 214 (2002)] and Chavis [Evans v. Chavis, 546 U.S. 189 (2006)] that those cases would be stripped of their rationale and purpose"), with Wilson v. Walker, [Case No.] C 07–2752 GEB, 2010 WL 961843 at *1–2 (E.D. Cal. Mar. 16, 2010) (holding both a 100-day delay and a 195-day delay reasonable and reasoning that Chavis directs the federal courts to look to California law on the issue of timeliness)." Lerma v. Lewis, 921 F. Supp. 2d 949, 954-55 (N.D. Cal. 2013) (emphasis added) (finding delays of 71 and 70 days to be reasonable).

5

1    A federal court will not review questions of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A summary denial citing Clark and Robbins means that the petition is rejected as untimely." Walker v. Martin, 131 S. Ct. 1120, 1122 (2011). The denial of habeas relief by the California Supreme Court on these grounds constitutes independent and adequate state procedural grounds warranting the summary denial of a subsequent federal habeas petition. Id. at 1127-28. "[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Id. at 1127 (citations omitted). "A federal court sitting in habeas ordinarily cannot hear a petitioner's procedurally defaulted federal claims absent a showing of cause and prejudice, or a showing that failing to review the claim will result in a fundamental "'miscarriage of justice.'" Detrich v. Ryan, 2013 WL 4712729, *3 (9th Cir. 2013) (quoting Wainwright v. Sykes, 433 U.S. 72, 88 (1977); also citing Coleman v. Thompson, 501 U.S. 722, 750 (1991) (unless a prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," federal habeas review of the procedurally defaulted claims is barred).

In the present case, petitioner has demonstrated no "cause" for his default. Petitioner asserts only that the California Supreme Court's "mere citation of In Re Robbins and In Re Clark [is] a one line denial of the Petition [that] should *not* be interpreted as being untimely and successive." (Oppo. (ECF No. 13 at 2) (emphasis added).) Because petitioner has not demonstrated good cause for his delay, the court need not reach the related question of prejudice. Nor has petitioner demonstrated that this court's refusal to consider his claims would result in a fundamental miscarriage of justice. As the superior court found in rejecting the substance of

////

////

petitioner's claims (as well as finding them untimely):

> The present petition is accompanied by a transcript of Petitioner's plea and of his sentencing.  A review of his plea indicates that he was fully advised of his constitutional rights, and told the court that he had enough time to discuss the consequences of the plea with his defense attorney.  Furthermore, Petitioner replied in the affirmative when asked if he understood that, as a result of his plea, the court was going to impose a sentence of 15-years to *life*. A review of Petitioner's sentencing reveals that no questions were raised nor any objections made when the court did, in fact, impose a sentence of 15 years to life.

(Feb. 9, 2011 Order, San Joaquin County Superior Court (ECF No. 1 at 40-1) (citations to record omitted) (original emphasis).)   The superior court's conclusions are supported by the undersigned's independent review of the referenced transcripts.

For these reasons, the undersigned finds that the instant petition is procedurally-barred from federal habeas review, as well as time-barred under AEDPA's one-year statute of limitations.

IV.  Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 12), be granted;

2.  This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Should petitioner file objections, he may address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of

7

appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Dated:  October 28, 2013

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/butl0567.mtd.hc